**NOT FOR PUBLICATION**

FILED

JUL 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAZY ELY WESTERN VILLAGE, LLC, a Nevada limited liability company and G&G FREMONT, LLC, a Nevada limited liability company, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LAS VEGAS, <br><br> Defendant - Appellee. | No. 14-17208 <br><br> D.C. No. 2:14-cv-01006-JCM-PAL <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

Before: THOMAS, Chief Judge, and BENAVIDES[**] and OWENS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Plaintiffs Crazy Ely Western Village, LLC and G & G Fremont, LLC own and operate stores that sell souvenirs and package alcohol on or adjacent to the Fremont Street pedestrian mall in Las Vegas, Nevada. In May of 2014, the City of Las Vegas enacted Ordinance 6320. The ordinance applies only to stores selling alcohol pursuant to an off-sale or package alcohol license along the pedestrian mall. *See* LVMC § 6.50.475. It requires that the stores limit their alcohol advertising to only ten percent of their store windows, *id.* § 6.50.475(G)-(H)*,* and it prohibits the stores from posting alcohol price advertisements that are visible to individuals standing outside of the establishment ("advertising restrictions"). *Id.* § 6.50.475(F). The ordinance also requires that the stores post signs informing customers that it is prohibited to open or consume alcohol purchased at the store on the pedestrian mall ("notice restrictions"). *Id*. § 6.50.475(I).

Plaintiffs filed suit, alleging that Ordinance 6320 and Ordinance 6266, which also regulates alcohol sales along the pedestrian mall, violate the First, Fifth, and Fourteenth Amendments, as well as § 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and Plaintiffs' civil rights under 42 U.S.C. § 1983. Plaintiffs also alleged that the City's regulatory regime is a bill of attainder and constitutes a taking. They requested declaratory relief as well as a preliminary and permanent injunction. The district court determined that Plaintiffs were not likely to succeed

on the merits of their claim, and it denied Plaintiffs' request for a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (outlining four-part test for evaluating a request for a preliminary injunction).

On appeal, Plaintiffs raise only their First Amendment challenge to the commercial speech restrictions contained in Ordinance 6320. We have jurisdiction pursuant to 28 U.S.C. § 1292(a). In the First Amendment context, the party seeking a preliminary injunction "bears the initial burden of making a colorable claim that its First Amendment rights have been infringed, or are threatened with infringement, at which point the burden shifts to the government to justify the restriction." *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011). We review a district court's denial of a motion for preliminary injunction for abuse of discretion. *Id.* at 1115. Review of a district court's denial of a request for a preliminary injunction should be "limited and deferential." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003). We affirm in part, reverse in part, and remand.

When evaluating a request for a preliminary injunction, courts consider (1) the likelihood of success on the merits, (2) the likelihood that the party will suffer irreparable harm if preliminary relief is not granted, (3) the balance of equities, and (4) the public interest. *Winter*, 555 U.S. at 20. Regulations of commercial speech

3

are evaluated under the four-part test outlined in *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York.* 447 U.S. 557 (1980). First, commercial speech receives First Amendment protection if it "concern[s] lawful activity" and is not "misleading." *Id.* at 566. Second, the court "ask[s] whether the asserted governmental interest is substantial." *Id.* Third, the court "determine[s] whether the regulation directly advances the governmental interest asserted." *Id.* And fourth, the court asks "whether [the regulation] is not more extensive than is necessary to serve that interest." *Id.*

The notice restrictions satisfy the *Central Hudson* test. The government may compel "purely factual and uncontroversial" commercial speech. *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 651 (1985). "Compelled disclosures, justified by the need to 'dissipate the possibility of consumer confusion or deception,' are permissible if the 'disclosure requirements are reasonably related to the State's interest in preventing deception of customers.'" *Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 966 (9th Cir. 2009), *aff'd sub nom. Brown v. Entm't Merchants Ass'n*, 131 S. Ct. 2729 (2011). Plaintiffs have presented no evidence that the notice restrictions compel speech that is not purely factual. Plaintiffs are not likely to succeed on the merits of their claim. The final three *Winter* factors also weigh in the City's favor.

4

The advertising restrictions satisfy the first two parts of the *Central Hudson* test. However, on the limited record before us, the City has not demonstrated that the advertising restrictions directly and materially advance the governmental interests asserted and that there are no less-restrictive alternatives to the restrictions. *See Central Hudson*, 447 U.S. at 566. These third and fourth "steps of the *Central Hudson* analysis basically involve a consideration of the 'fit' between the legislature's ends and the means chosen to accomplish those ends." *Rubin v. Coors Brewing Co.*, 514 U.S. 476, 486 (1995).

Under the third prong of *Central Hudson*, there is "little chance" a speech restriction directly and materially advances a governmental interest if "other provisions of the same Act directly undermine and counteract its effects." *Id*. at 489; *see also W. States Med. Ctr. v. Shalala*, 238 F.3d 1090, 1095 (9th Cir. 2001) ("When exemptions and inconsistencies counteract the alleged purpose of a speech restriction, the restriction fails the direct advancement test."). Because other City ordinances encourage the consumption of alcohol on Fremont Street, the City bears a greater burden to justify restricting speech in order to combat problems connected with alcohol consumption on Fremont Street. Furthermore, a speech restriction's underinclusivity is also a "consideration in the direct advancement inquiry" because "underinclusivity . . . 'may diminish the credibility of the

5

government's rationale for restricting speech in the first place.'" *Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 824 (9th Cir. 2013). Because the advertising regulations restrict the speech of only certain liquor sellers, the City must explain why the regulations are not impermissibly underinclusive.

Under the fourth prong of *Central Hudson*, "A regulation need not be 'absolutely the least severe that will achieve the desired end,' but if there are numerous and obvious less-burdensome alternatives to the restriction on commercial speech, that is certainly a relevant consideration in determining whether the 'fit' between ends and means is reasonable." *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 417 n.13 (1993) (internal citation omitted); *see also Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 556 (2001) (explaining that regulations satisfy prong four only if they are "narrowly tailored to achieve the desired objective"). Speech restrictions do not satisfy prong four "[i]f clear alternatives exist that can advance the government's asserted interest in a manner far less intrusive to . . . free speech rights." *W. States*, 238 F.3d at 1095. As a result, a city "must consider pursuing its interests through conduct-based regulations before enacting speech-based regulations." *Valle del Sol*, 709 F.3d at 827. Here, the City must demonstrate that it opted to restrict speech only after determining that its interests could not be adequately advanced by means of

6

conduct-based restrictions such as citing and arresting those who are intoxicated or drinking underage or banning alcohol consumption on Fremont Street.

We remand for further findings as to whether the advertising restrictions directly and materially advance the City's interests, and whether any less-restrictive alternatives to the advertising restrictions are available.

**AFFIRMED IN PART; REVERSED IN PART; and REMANDED.**

Each side shall bear its own costs on appeal.